UNITED STATES DISTRICT COURT
FOR THE WESTERN DISCTRICT OF TEXAS
WACO DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
JTH TAX, LLC d/b/a LIBERTY TAX SERVICE, :
and :
SIEMPRETAX, LLC, :
:
          Plaintiffs, :
  v. :  Case No: 6:20-cv-140-ADA
:
MICKEY WHITE, :
and :
NATTY'S TAX SERVICE, :
:
:
          Defendants. :

# PLAINTIFFS' MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND REQUEST FOR PRELIMINARY INJUNCTION HEARING

Plaintiffs JTH Tax, Inc. d/b/a Liberty Tax Service ("Liberty") and SiempreTax+, LLC ("SiempreTax") (collectively, "Plaintiffs") file this Motion for Entry (the "Motion") of Temporary Restraining Order and Request for Preliminary Injunction Hearing, and would show the Court as follows:

1. On May 13, 2020, the Court hearing Plaintiffs' Application for Temporary Restraining Order (the "TRO Application") [Doc. No. 22]. At the hearing, the Court considered the arguments of Plaintiffs' counsel and Defendant Mickey White d/b/a Natty's Tax Service ("White") and made certain rulings on the TRO Application based upon White's representations in open court. *See* Minute Entry [Doc. No. 25].

2. On May 22, 2020, Plaintiffs' counsel sent a copy of a proposed order reflecting the Court's rulings on the TRO Application. *See* Exhibit A, e-mail from Nathan Pearman to Mickey White dated May 22, 2020. Plaintiffs' counsel also requested that Mr. White agree to the terms of the TRO as an Agreed Preliminary Injunction, since Mr. White represented that he was not using Plaintiffs' trademarks, customer lists, or customer files. The Court also ordered Mr. White to return Plaintiffs' Operation Manuals, and to refrain from contacting or soliciting any of Liberty's customers. *See id.*; Minute Entry [Doc. No. 25].

3. Mr. White refused to agree to the form of the proposed order or to agree to any preliminary injunction terms. *See* Exhibit B, email from Mickey White to Nathan Pearman, dated May 22, 2020. Mr. White, among other things, refused to agree to the required findings of likelihood of success on the merits and irreparable harm, stating that "[a]ll terms and mentions of being right must be removed as well as mentions of undue harm and files must be picked up otherwise I will not agree." *See id.* Mr. White also mischaracterized the Court's rulings, stating that "Liberty is . . . trying to make it seems like court believes they will prevail yet in court they got nothing they ask for other than me to agree not to use trademarks that I already destroyed long before then anyway." *See id.*

4. Mr. White has, accordingly, refused to agree to any order regarding the Court's rulings on the TRO Application and to agree to a preliminary injunction on the same terms as the TRO. While Plaintiffs would like to avoid a preliminary injunction hearing that would be largely duplicative of the issues addressed before the Court on May 13, 2020, to date Plaintiffs have not received their Operation Manuals back from Mr. White and have not received confirmation that Mr. White has destroyed any remaining customer lists and Liberty trademarks in his possession.

---

**PLAINTIFFS' MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND REQUEST FOR PRELIMINARY INJUNCTION HEARING- Page 2**

5. Mr. White further stated that "trying to intimate [*sic*] me by mentioning another hearing doesn't work," apparently not understanding that the order contains the required findings for the Court's ruling on a temporary restraining order and/or preliminary injunction. *See* Exhibit C, email from Mickey White to Nathan Pearman, dated May 22, 2020. Plaintiffs merely want the terms of the Court's order on May 13, 2020, memorialized so that Plaintiffs may move forward on their claims.

## CONCLUSION

Plaintiffs would like to avoid a preliminary injunction hearing and reach agreement with Mr. White on the same terms as the TRO. Accordingly, Plaintiffs request that the Court enter the proposed TRO and set Plaintiffs' Application for Preliminary Injunction [Doc. No. 22] for hearing before the Court. Plaintiffs further request such other and further relief to which they show themselves justly entitled.

Respectfully submitted June 2, 2020.

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Nathan D. Pearman*
Kirstie Simmerman
Texas Bar No. 24083858
ksimmerman@grsm.com
Nathan D. Pearman
Texas Bar No. 24074872
npearman@grsm.com

2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
214-231-4660
214-461-4053 (Facsimile)

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2020, the foregoing Motion for Entry was filed with the Clerk of Court using the CM/CMF system, and Defendant Mickey White d/b/a Natty's Tax Service was served via electronic mail at mcwbjcw@gmail.com and via FedEx, Tracking #393258558495, at 212 CR 206A, Cameron, Texas 76520.

*/s/ Nathan D. Pearman*
Nathan D. Pearman

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that on May 22, 2020, I conferred with Mr. White regarding the issues identified in this Motion for Entry, including the terms of the Temporary Restraining Order and the proposed agreed Preliminary Injunction terms. As set forth in Exhibits A and B, Mr. White would not agree to any of the relief requested.

*/s/ Nathan D. Pearman*
Nathan D. Pearman