# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| JTH TAX LLC d/b/a LIBERTY TAX SERVICE, and SIEMPRETAX, LLC, *Plaintiffs*, | § § § § § § § § | 6:20-CV-00140-ADA |
| v. | | |
| MICKEY WHITE, and NATTY'S TAX SERVICE *Defendants*. | | |

## ORDER GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT

Before the Court is Plaintiff's Motion for Reconsideration and Request Leave to file a Second Amended Complaint under Federal Rules 59(e) or 60(b)(6), (ECF No. 53), and the Defendant's Reply (ECF No. 54). After consideration of these pleadings and applicable legal authority, the Court hereby **GRANTS** Plaintiff's request.

## I. Background

On May 27, 2020, Liberty Tax Service and SiempreTax, LLC ("Plaintiffs") amended their complaint against Mickey White and Natty's Tax Service ("Defendants"). ECF No. 26. The Defendant filed a Motion to Dismiss under FRCP Rule 12(b)(6) on June 3, 2020 (ECF No. 29), and later filed an Answer to the Amended Complaint on June 30, 2020 (ECF No. 30). The Motion to Dismiss requested clarification from the Plaintiffs regarding the two trademark claims asserted and asserted that these claims were moot. ECF No. 26 at 2. The Plaintiffs discovered on April 1, 2021 that the deadline to respond to the Motion to Dismiss had already passed, but nevertheless filed a Response in Opposition on April 2, 2021. ECF No. 44. Because the Response in Opposition was untimely, the Court granted the Motion to Dismiss without prejudice. ECF No. 45.

The Plaintiffs argue that the Court's granting order is more accurately characterized as a partial motion to dismiss because it only addressed the two trademark claims and not the remaining seven claims asserted. ECF No. 53 at 4. Because of this, the Plaintiffs are now requesting permission to proceed with the claims not addressed in the Motion to Dismiss. The Defendants, conversely, challenged this request by asserting that it was dispositive and that the Plaintiff's request is merely an attempt to harass the Defendant. ECF No. 54 at 4. For the reasons discussed below, the Court will grant the Motion for Reconsideration and allow the Plaintiff to continue pursuing the claims not addressed in the dismissal.

## II. Discussion

While the Federal Rules of Civil Procedure does not specifically recognize a Motion for Reconsideration, the Fifth Circuit has explained that such a motion "will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). Rule 59(e), however, only applies to orders entering a final judgment. *McClendon v. United States*, 892 F.3d 775, 781. For orders adjudicating less than all of the claims asserted, Rule 54(b) governs rather than 59(e). *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336. And under this Rule 54(b), the Court has broader discretion as the "trial court is free to reconsider and reverse its decision for any reason it deems sufficient." *Austin v. Kroger Texas, L.P.*, 864 F.3d at 336.

In its Motion to Dismiss, the Defendants asserted that events occurring after the filing of this lawsuit rendered the trademark claims under counts six and seven as moot, and further asserted that dismissal of these claims is dispositive of the entire case as every other claim is dependent on the trademark claims. ECF No. 29. The Court disagrees with the Defendants and

finds that the Plaintiff's seven other claims asserted are independent of the two trademark claims disposed of by the Motion to Dismiss.

The allegations under counts one through four of the Plaintiff's Amended Complaint asserting breach of contract are independent of the trademark at issue. ECF No. 26. Specifically, the Plaintiff alleges that the Defendants breached its obligations as a franchisee under the Franchise Agreement by filing its tax returns through an unauthorized filing software. ECF No. 53. The Plaintiffs also assert in their first three counts that Defendants violated the Mutual Termination Agreement by continuing to operate at one of the franchise locations. ECF No. 53. While these counts also included allegations relating to the trademarks, these common-law claims are substantively independent of any trademark issue. Further, in count four, the Plaintiffs sought to recover money allegedly owed by the Defendant under three different promissory notes. Count four does not address the trademarks at issue whatsoever, nor is it addressed in the Defendant's Motion to Dismiss.

Similarly, the Court finds that count five is also independent of the trademark claims. The Plaintiffs here assert tortious interference of contract relating to the Franchise Agreement and the Mutual Termination Agreement. ECF No. 26. While these allegations also involve the use of trademarks, they nevertheless do not depend on the trademark infringement claims in counts six and seven. Moreover, the Defendant's Motion to Dismiss does not address any allegations relating to its obligations under these agreements.

Lastly, counts eight and nine are also independent of trademark infringement. ECF No. 26. Under these counts, the Plaintiffs request injunctive relief for matters addressed in preceding allegations. After already determining that these preceding claims can still be pursued

independent of the trademark issue, the Court finds that counts eight and nine are similarly independent.

### III. Conclusion

The Court finds that its order granting Defendant's Motion to Dismiss was not dispositive of the entire lawsuit and will permit the Plaintiffs to continue pursuing its claims unrelated to trademark infringement. As a result, the Plaintiff's motion to leave to file a Second Amended Complaint is hereby **GRANTED**.

SIGNED this 26th day of May, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE