UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JTH TAX LLC d/b/a LIBERTY TAX SERVICE, and SIEMPRETAX+ LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>MICKEY WHITE d/b/a NATTY'S TAX SERVICE,<br><br>    Defendant. | CIVIL ACTION NO.: 6:20-cv-140 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S REQUEST TO DISMISS SECOND AMENDED VERIFIED COMPLAINT**

Plaintiffs JTH Tax, Inc. d/b/a Liberty Tax Service ("Liberty") and SiempreTax+, LLC ("SiempreTax") (collectively, "Plaintiffs") file this Response in Opposition to Defendant Mickey White's ("White") Request to Dismiss ("Request to Dismiss") the Second Amended Verified Complaint, and would show the Court as follows:

### I.    PRELIMINARY STATEMENT

In his Response to Plaintiffs' Second Amended Complaint ("SAC") Mr. White requests that the Court "refuse to let this case proceed" and to "uphold their ruling of case closed and noy (*sic*) let this proceed." Response, ECF No. 57 at 13. To the extent that this request may be construed as a Motion to Dismiss the SAC, Plaintiffs' file this Response in Opposition out of an abundance of caution.

As set forth below, the SAC states plausible allegations for his breach of the Franchise Agreements, Mutual Termination Agreement, non-compete covenants, and breach of the multiple Promissory Notes with at least $128,098.76 due and owing to Plaintiffs.

## II.     FACTUAL BACKGROUND

As the SAC sets forth in detail, Natty's Tax Service was a competing business set up by White as a vehicle to hide revenue from which royalties are owed by White as a former franchisee to Liberty Tax. *See* SAC, ECF No. 56, at ¶ 2. The Franchise Location known as 15546, located at 1400 W. Adams Street, Temple, Texas 76504 appears to be designed to solicit former Liberty customers to avoid royalty obligations. *Id.* By filing tax returns at this location while the Franchise Agreement was in effect, Mr. White violated the covenants in that agreement. *Id.* In addition, by continuing to operate this competing business following the execution of the Mutual Termination Agreement, Mr. White is in breach of the post-termination covenants of that Agreement. *Id.* Finally, Mr. White has failed to meet his obligations under three Promissory Notes executed in favor of Liberty that remain due and owing. *Id.* at ¶ 42-55.

## III.     ARGUMENTS AND AUTHORITIES

**A.     Legal Standard**

A party seeking to dismiss a claim for failure to state a claim upon which relief can be granted may do so through a Rule 12(b)(6) motion. FED. R. CIV. P. 12(b)(6). The facts alleged by a plaintiff need only be sufficient to suggest a claim is plausible, to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). When reviewing a 12(b)(6) motion to dismiss, all factual allegations made in the pleadings are accepted as true. *Kansa Reinsurance Co. v. Congressional Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994). Marshaling all available

evidence is not required at the pleading stage of litigation. A plaintiff need only provide a "short and plaint statement" of its claim sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a); *Twombly*, 127 S. Ct. at 1964-65 (citations omitted).

Even where a court finds the plaintiff's pleadings to be insufficient, however, leave to refile under Rule 15(a) is preferred unless it is clear the defects in the complaint are incurable. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000) (plaintiff's failure to meet specific pleading requirements should not automatically or inflexibly result in dismissal of the complaint with prejudice to refiling).

**B.     Plaintiffs Have Stated Plausible Claims for Breach of Contract**

Although Defendant's Request to Dismiss is not made pursuant to 12(b)(6), Plaintiffs nevertheless have demonstrated plausible claims for breach of contract.

The first three counts in the SAC—one in equity and two for monetary relief—address Defendant's breach of his obligations under the franchise agreements at issue. *See* SAC ¶¶ 81-95. Specifically, these counts allege that Mr. White breached the two Franchise Agreements by filing tax returns at the Franchise Locations using software outside of Liberty's system (in an effort to avoid paying franchisee obligations under the Franchise Agreements), while these agreements were in effect. *Id.* In addition, Mr. White subsequently breached the post-termination non-competition covenant set forth in the Mutual Termination Agreement by continuing to operate a tax preparation business at the Franchise Location. *Id.* Plaintiffs' claims also allege that Mr. White disclosed Liberty's confidential information, in violation of the Agreements. *Id.*

The elements of a breach of contract action under Virginia law[1] are: (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation. *Ulloa v. QSP, Inc.,* 271 Va. 72, 79 (2006).  Here, the SAC alleges the existence of three agreements between the parties. SAC ¶¶ 15-41.  These agreements contained both in-term and post-termination non-competition covenants, which Mr. White breached. *Id.* ¶¶ 56-57.  Mr. White further has not met the obligations under the agreements regarding outstanding royalty and advertising fees. *Id.* ¶¶ 58-59. These actions have resulted in substantial losses, fees, and expenses to Plaintiffs. *Id.* ¶¶ 77-78; 84; 93.

Therefore, the SAC states a valid claim for breach of contract under Counts I, II, and III.

**C.    Plaintiffs Have Stated a Plausible Claim for Defendant's Breach of His Obligations Under the Notes**

As described in the SAC, Mr. White made three promissory notes (collectively, the "Notes") in favor of Liberty that are due and owing. *Id.* ¶¶ 42-55.  Each of the Notes specified that, in the event of default, the entire unpaid balance became due and payable. *Id.*  Liberty sent three Notices to Cure Default to Mr. White on January 22, 2020. *Id.* ¶ 56.  The outstanding principal due on the Notes totals $112,957.36, while the past due amount on the Notes was $15,141.40 as of the date of the notice of default. *Id.* ¶¶ 60-64.  By virtue of Mr. White's failure to satisfy the amounts due and owing under the Notes, he has harmed Liberty in an amount equal

---

[1] The Franchise, Area Developer, and Buyback Agreements between Liberty and Contreras/Trinity all are governed by Virginia law. *See* Franchise Agreements § 17(a); Franchise Buyback Agreement § 11(c); Area Developer Agreement § 9.8(a); Area Developer Buyback Agreement § 14.

**Response to Defendant's Request to Dismiss Second Amended Complaint**        **PAGE 4**

to the full value of the Notes, including accruing interest, and the attorneys' fees and costs incurred by Liberty in connection with the collection and enforcement of the Notes.  *Id.* ¶ 107.

Therefore, the SAC states a valid claim for breach of his obligations under the Notes in Count IV.

**D.**     **Plaintiffs Have Stated a Plausible Claim for Tortious Interference with Contract**

In addition, the SAC demonstrates a plausible claim for tortious interference with contract against the business entity, Natty's Tax Service.

In Virginia, the elements of a claim for tortious interference with contractual relations are typically recited as (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted.  *Schaecher v. Bouffault*, 290 Va. 83, 106, 772 S.E.2d 589, 602 (2015).

Here, the parties entered into three valid agreements regarding the operation, and subsequent termination, of Liberty franchises.  SAC ¶¶ 15-41.  Natty's Tax Service, solely owned and operated by Defendant, had knowledge of the obligations under these agreements; indeed, the business is operating out of one of the Liberty franchise locations.  *Id.* ¶ 110.  By preparing and filing income tax returns in violation of the franchise and Mutual termination agreements, among other things, the business engaged in intentional and improper conduct to induce Mr. White into breaching the in-term and post-termination covenants.  *Id.* ¶¶ 108-116.  In other words, Natty's Tax Service prepared and filed tax returns both during the term of the Franchise Agreement and then subsequently provided the same services during the post-termination non-compete period.  *Id.*  As a direct and

proximate result of Natty's tortious interference, Plaintiffs have suffered and will continue to suffer damages. *Id.* ¶ 115.

Therefore, Count V of the SAC for tortious interference with contract is adequately pled.

## IV. <u>CONCLUSION</u>

For these reasons, Plaintiffs request that the Court deny Defendant's request to dismiss the matter and permit the claims against Defendant, including claims for injunctive relief, to go forward.

Dated: July 23, 2021                               Respectfully submitted,

                                                        **GORDON REES SCULLY MANSUKHANI, LLP**

                                                        By: */s/ Kirstie Simmerman*
                                                             Kirstie Simmerman, ***Lead Counsel***
                                                              Texas Bar No. 24083858
                                                              ksimmerman@grsm.com
                                                              2200 Ross Avenue, Suite 3700
                                                              Dallas, Texas 75201
                                                              214-231-4660
                                                              214-461-4053 (Facsimile)

                                                       ***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on Fri, Jul 23, 2021, the foregoing Notice was provided to Defendant Mickey White d/b/a Natty's Tax Service via electronic mail at mcwbjcw@gmail.com and certified mail at the address below:

Mickey White d/b/a Natty's Tax Service
212 CR 206A
Cameron, Texas 76520

                                                */s/ Kirstie M. Simmerman*
                                                Kirstie M. Simmerman